UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

BYRON L. THOMPSON,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
DA-0752-15-0590-I-1

DATE: December 16, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

M. Jermaine Watson, Esquire, Dallas, Texas, for the appellant.

Theresa M. Gegen, Esquire, Dallas, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified to address an additional consideration in the penalty determination, we AFFIRM the initial decision, still sustaining the removal.

## BACKGROUND

¶2 The appellant was employed as a Custodian until the agency removed him, effective July 30, 2015, based on one charge of unacceptable conduct, in which the agency alleged that, on May 28, 2015, the appellant assaulted a member of the public (hereinafter, the "individual"). Initial Appeal File (IAF), Tab 6 at 18. According to the supporting narrative, after being notified that the individual was disturbing customers, the appellant entered the lobby, took the individual's belongings, "pitched" or "threw" them outside, and pushed the individual as he exited out the door. *Id.* at 24-25. The narrative then stated that the appellant briefly reentered the facility to hand a supervisor his badge, reexited the facility, and pushed the individual to the ground, injuring his knee. *Id.* The physical altercation was witnessed by at least two Postal Service employees and one customer, who captured part of the altercation on video using her cellular phone. *Id.*

¶3 The appellant filed a Board appeal, disputing the penalty and raising disability discrimination affirmative defenses. IAF, Tabs 1, 13. The appellant

argued that the deciding official failed to properly weigh the relevant *Douglas* factors and that the penalty of removal was beyond the bounds of reasonableness. IAF, Tab 1 at 10-14. In support, he alleged that the deciding official erred by not considering as significant mitigating factors: (1) that he was provoked by the individual's use of racial slurs and epithets toward him as the individual passed by him to exit; (2) his post-traumatic stress disorder (PTSD); (3) the lack of serious injury to the individual; (4) the fact that he was not criminally charged or cited for his conduct; and (5) his 18-year length of service with no prior discipline. *Id.* at 8, 13-14. He further claimed that he was not on notice of the relevant Employee and Labor Relations policies 665.16 and 665.24 about "Behavior and Personal Habits" and "Violent and/or Threatening Behavior." *Id.* at 14, 26-27. Finally, he alleged that, contrary to the deciding official's finding, he could be rehabilitated because further medical treatment had helped him manage his PTSD. *Id.* at 14. He also provided discharge and progress notes from his treatment at the Dallas Veterans Medical Center from November 2015 in support of his claims that he had PTSD and that his mental condition significantly impacted his behavior. IAF, Tab 13 at 9-18.

¶4　　After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming the appellant's removal and denying his affirmative defenses of disability discrimination and denial of reasonable accommodation. IAF, Tab 1 at 2, Tab 19, Initial Decision (ID) at 2, 13, 15-16, 23. The administrative judge found that the agency proved the charge, there was a nexus between the sustained charge and the efficiency of the service, and the penalty of removal was reasonable. ID at 10, 16, 23. As for the penalty in particular, the administrative judge agreed with the deciding official's determination that the appellant's unjustified, intentional, and unprovoked physical assault on a member of the public was serious misconduct that directly related to his job duties. ID at 17-21. He also found that the deciding official determined that the appellant's misconduct was aggravated by the fact that it was

witnessed by at least one postal customer, that no alternative sanction was available, and that the appellant had no potential for rehabilitation in light of the seriousness of his misconduct. ID at 18. The administrative judge further found that the deciding official properly considered the appellant's 18-year work history, lack of disciplinary record, and remorse as mitigating factors, and the appellant's PTSD as only a minor mitigating factor, given his failure to show a causal connection between his PTSD and the second physical assault. ID at 18, 21-22. Thus, the administrative judge found no basis to disturb the agency's decision because the deciding official weighed all of the relevant *Douglas* factors and the penalty of removal was within the bounds of reasonableness. ID at 23.

¶5 The appellant has filed a petition for review, arguing that the administrative judge erred in deferring to the agency's chosen penalty of removal because the deciding official improperly weighed some and failed to consider other *Douglas* factors and erred in finding that the penalty of removal did not exceed the bounds of reasonableness. Petition for Review (PFR) File, Tab 1 at 4, 6-9. The appellant has not challenged, and we discern no error with, the administrative judge's findings that the agency proved the charge and nexus and that the appellant did not meet his burden of proving his affirmative defenses. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 In determining an appropriate penalty, an agency must review relevant mitigating factors, also known as the "*Douglas* factors," pursuant to *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). The Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *See Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 6 (2013). Thus, the Board will modify a penalty only if it finds that the agency failed to weigh the relevant factors or that the penalty the

agency imposed clearly exceeded the bounds of reasonableness. *Id.* For the reasons discussed below, we find that the appellant has not provided a basis for disturbing the administrative judge's affirmance of his removal.

The appellant has not shown that his PTSD diagnosis was a significant mitigating factor.

¶7 The appellant argues that the deciding official should have considered his PTSD a significant mitigating factor and that the administrative judge erred in finding otherwise. PFR File, Tab 1 at 7-9. In particular, he alleges that he should not have been disadvantaged by the lack of medical documentation, as the agency failed to request it. *Id.* at 8. Second, he claims that his PTSD caused him to feel threatened by the individual's "racially charged comments" and explained why he engaged and pushed the individual. *Id.* He further claims that designating the first push as defensive and the second one as aggressive because he took off his badge in between obviates the true nature of the situation and the impact that his PTSD had on the entire continuum of events that transpired within a matter of seconds. *Id.* Finally, the appellant argues that he has rehabilitation potential because he has controlled his PTSD, as evidenced by the fact that he had no other altercations, despite having PTSD since 2005, and he was cleared to return to work in December 2015. *Id.* at 8-9.

¶8 Even if the appellant is unsuccessful in proving his disability discrimination affirmative defense, as here, ID at 13, 15-16, the underlying condition may nonetheless be relevant to a *Douglas* factor analysis if it is a causative factor in the charged misconduct, *Walsh v. U.S. Postal Service*, 74 M.S.P.R. 627, 638-39 (1997). As the appellant argued that his PTSD was connected to his removal, he must provide sufficient evidence of a causal relationship between his medical condition and the charged misconduct. *Gustave-Schmidt v. Department of Labor*, 87 M.S.P.R. 667, ¶ 17 (2001). If shown, his medical condition may be entitled to significant weight as a mitigating factor. *Id.*

¶9 The administrative judge credited the appellant's testimony and found that the appellant only pushed the individual because the individual passed closely by and made racially derogatory statements toward the appellant as he exited. ID at 5-6. The administrative judge also found that subsequent to the first push, the appellant followed the individual outside and yelled at him in an aggressive tone, while the individual stood several feet from the appellant, unmoving with his hands at his side; the appellant then quickly approached and opened the facility doors to hand a supervisor his badge; and "swiftly pivot[ed]" toward and "without hesitation" approached the individual, extended his hands and "violently" struck the individual "with enough force to knock him to the ground." ID at 6-8. He further found that the individual did not charge the appellant, as the appellant contended, and he only raised his arm into a defensive position immediately before being struck by the appellant. *Id.* In making those findings, the administrative judge credited the video and the testimony and statements of the three witnesses over the appellant's version of events, and we discern no reason to disturb those findings. ID at 6-9; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, and may overturn such determinations only when it has "sufficiently sound" reasons for doing so); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶10 To the extent that the deciding official and the administrative judge did not afford any mitigating weight to the appellant's allegation that he was provoked by the individual's use of racial slurs, this was error. The deciding official and the administrative judge should have considered the appellant's allegation in this

regard under *Douglas* factor 11, "mitigating circumstances surrounding the offense, such as . . . malice or provocation on the part of others involved in the matter." *Douglas*, 5 M.S.P.R. at 305. For purposes of our analysis, we credit the appellant's statements on this issue, and we make clear that the racial slurs and behavior described by the appellant are unacceptable. We therefore modify the initial decision to clarify that the appellant's contention that he was provoked by the individual's use of racial slurs is a mitigating factor. However, as further explained below, this offensive language does not justify the appellant's violent actions under the circumstances here.

¶11 The facts show that the appellant had an opportunity to retreat and avoid the second confrontation when he reentered the facility to hand over his badge. Therefore, while the individual's use of racial slurs was offensive and should be considered as a mitigating factor, it was insufficient to relieve the appellant of his obligation to retreat when possible to avoid a physical confrontation, even if the events occurred in a short period of time. *See Harris v. U.S. Postal Service*, 100 M.S.P.R. 613, ¶ 14 (2005) (finding that a customer's offensive, profane, and racially derogatory verbal abuse was not sufficient provocation to justify the appellant's violent reaction, especially given that the appellant had an opportunity to retreat and avoid the physical confrontation). The appellant argues that *Harris* is distinguishable because there the appellant was a supervisor and held to a higher standard. PFR File, Tab 1 at 9. We disagree. The presence of that additional aggravating factor does not alter the separate finding that provocation does not justify violence if the appellant had an opportunity to retreat. *Harris*, 100 M.S.P.R. 613, ¶¶ 14, 17. As the administrative judge found, that aspect of the holding is applicable regardless of the appellant's position. ID at 19.

¶12 We also agree with the administrative judge's finding that after returning outside, the appellant, not the individual, acted aggressively without provocation and was not justified in using any physical force, as the individual had not initiated any physical contact. *See Fuller v. Department of the Navy*, 60 M.S.P.R.

187, 190 (1993) (observing that to support a self-defense claim, an appellant must prove by preponderant evidence that she used only as much force as was reasonably necessary to be free of the contact), *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table); *cf. Andrus v. Internal Revenue Service*, 14 M.S.P.R. 500, 502 (1983) (finding that an employee's taunts of "what are you going to do about it?" and continued movement towards the appellant were sufficient to provoke a physical response). Consequently, the appellant has shown no error in the administrative judge's treatment of the second assault as aggressive, rather than as defensive. Thus, for the appellant's PTSD to significantly mitigate the severity of the second assault, he must show that it was causally connected to his aggressive conduct. We find that the appellant has made no such showing.

¶13　　　The limited medical documentation provided did not elaborate on the status of the appellant's PTSD at the relevant period or draw a causal connection between his PTSD and the charged misconduct. IAF, Tab 13 at 13-19. Thus, even if it supports his contention that his PTSD caused him to respond more defensively than a person without PTSD would have and was exacerbated by being asked to perform duties outside of his craft and duty station, ID at 11; IAF, Tab 18, Hearing Recording, 1:22:00-1:33:08, 1:50:41-1:56:02, 2:09:46-2:10:55 (testimony of the appellant); *see Hamilton v. U.S. Postal Service*, 84 M.S.P.R. 635, ¶¶ 17, 20-22 (1999) (finding the appellant's uncontroverted testimony that the unexcused absences for which he was charged were due to his medical condition was sufficient to show a causal connection between the two), it does not explain the appellant's decision not to retreat when the opportunity presented itself or prove a causal connection between his PTSD and verbal harassment, pursuit, and second push, in which he was the unprovoked aggressor, *see Gustave-Schmidt*, 87 M.S.P.R. 667, ¶ 17 (finding that the appellant's medical evidence showing that her medical conditions negatively affected her ability to perform her job duties was entitled only limited weight, as it did not establish that those conditions contributed to the charged intentional misconduct). We

therefore agree with the administrative judge that the appellant's medical condition was a minor, as opposed to a significant, mitigating factor. ID at 22.

¶14    Finally, the appellant's decision to seek treatment for his PTSD may indicate a potential for rehabilitation. *See Hamilton*, 84 M.S.P.R. 635, ¶ 19 (observing that an appellant's action in seeking treatment for his medical condition indicates a potential for rehabilitation). However, as noted above, he did not show that his PTSD was causally connected to the second physical assault and, therefore, recovery from or management of his PTSD is not necessarily indicative of rehabilitation potential as to that misconduct. Moreover, as the administrative judge found, there is no indication that the appellant completed the recommended course of treatment. ID at 22; IAF, Tab 13 at 9. Accordingly, we agree with the administrative judge's determination that the appellant's PTSD should not be afforded significant mitigating weight.

<u>The appellant has shown no error in the deciding official's analysis of the remaining relevant *Douglas* factors.</u>

¶15    The appellant argues that the deciding official failed to consider the fact that he was not criminally charged or prosecuted, he only pushed the individual, and the individual suffered only minor injuries to his knee. PFR File, Tab 1 at 7. The Board has found mitigation of a removal to a suspension appropriate in a charge of physical assault on a coworker if the following elements are met: (1) no serious injury resulted from the physical altercation; (2) no weapons were used; (3) the employee had a history of satisfactory performance; (4) the agency did not rely upon a prior disciplinary record in selecting the penalty; and (5) there was an element of provocation present. *Faucher v. U.S. Postal Service*, 41 M.S.P.R. 336, 339 (1989) (finding a 60-day suspension, not removal, the maximum reasonable penalty when all 5 of these circumstances were present). However, *Faucher* is inapplicable to this appeal because the appellant's misconduct involved a member of the public, not a coworker; therefore, those considerations are insufficient to mitigate the penalty here.

¶16     The appellant further claimed that the deciding official did not consider the fact that the individual was not a postal customer, that the individual was causing a disturbance to customers prior to the altercation, and that he displayed violent, unstable behavior later that evening at the hospital where he was seeking treatment for his knee.  PFR File, Tab 1 at 7.  The appellant has not shown how the individual's nonviolent conduct before the incident and behavior later that evening alters the findings as to the appellant's culpability or mitigates the severity of his physical assault.  *Cf. Horn v U.S. Postal Service*, 10 M.S.P.R. 420, 422-23 (1982) (finding that the appellant's physical response was warranted when the coworker had threatened him with physical violence 3 weeks before the altercation, and the coworker had a long history of violent behavior and dangerous propensities that placed the appellant and other employees in fear).

¶17     The appellant also argues that the deciding official assigned too much weight to the fact that at least one postal customer witnessed the altercation and that he came into contact with the public in the performance of his duties.  PFR File, Tab 1 at 7.  We discern no error with the deciding official's decision to consider the public nature of the altercation as an aggravating factor.  *See Balouris v. U.S. Postal Service*, 107 M.S.P.R. 574, ¶ 7 (2008) (identifying as relevant to the *Douglas* factor analysis the fact that the altercation took place while the appellant was on duty and in uniform, and occurred on the street in front of the facility where the incident could be observed by the public), *aff'd*, No. 2008-3147 (Fed. Cir. 2009).  Moreover, although the appellant emphasizes that not all of his duties involved interactions with the public, he does not dispute the administrative judge's finding that he has some interactions with customers because he was responsible for cleaning the public areas of the station.  PFR File, Tab 1 at 7; ID at 2.  Thus, the public nature of the appellant's position and the altercation are relevant to his type of employment and the notoriety of his offense and were properly considered by the deciding official.

¶18        Accordingly, we find that the administrative judge did not err in deferring to the agency's chosen penalty of removal. We therefore deny the appellant's petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 U.S.C. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.